UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THERESA MENDES,<br><br>  Plaintiff,<br><br>  v.<br><br>BOSTON POLICE,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br>)   25-12191-BEM<br>)<br>)<br>)<br>) |

## ORDER

**MURPHY, J.**

On October 18, 2025, the Court granted the *in forma pauperis* motion of *pro se* plaintiff Theresa Mendes, and, having reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2), directed her to file an amended complaint if she elected to proceed with this action. Dkt. No. 4. The Court found that Mendes's complaint, which consisted almost completely of exhibits, did not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

On November 12, 2025, Mendes filed an amended complaint. Dkt. No. 5. This pleading concerns a variety of alleged misconduct, such as the Boston Police "kidnapping" or taking her "away for nothing" in 2017 and 2018, criminal charges brought against her, an "attempted kidnapping" by Boston Police inside a supermarket on November 7, 2025, persecution by community and family members, interactions with Rachel Rollins concerning the plaintiff's daughter, and the FBI's investigation of Boston Medical Center. *Id.* at 1-3. Mendes also submitted a Boston Police incident report concerning Mendes's arrest in 2018. Dkt. No. 5-1 at 1.

The Court will dismiss this action without prejudice for failure to state a claim upon which relief may be granted. The Court appreciates that Mendes has made the effort to identify her claims. However, the amended complaint does not sufficiently identify who the defendants are in this action. In addition, it is not clear from the amended complaint whether Mendes seeks relief for each incident of alleged misconduct in the pleading. Further, any claims concerning the 2017 and 2018 arrests appear to be time barred by the three-year statute of limitations applicable to claims under 42 U.S.C. § 1983 for violations of federal rights.[1]

Accordingly, this action is DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

**So Ordered.**

Dated: January 15, 2026

/s/ Brian E. Murphy
Brian E. Murphy
Judge, United States District Court

---

[1] *See Poy v. Boutselis*, 352 F.3d 479, 483 (1st Cir. 2003) (noting that claims under 42 U.S.C. § 1983 "borrow[] the appropriate state law governing limitations unless contrary to federal law."); M.G.L. ch. 260, § 2A (stating three-year statute of limitations for personal injury actions); *Fincher v. Town of Brookline*, 26 F.4th 479, 485-86 (1st Cir. 2022) (applying three-year limitations period under M.G.L. ch. 260, § 2A Massachusetts to claims under 42 U.S.C. § 1983).